UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-22302-CIV-UNGARO/TORRES

UNITED STATES OF AMERICA, et al.,
ex rel. KEELER,

       Plaintiffs,

v.

EISAI INC.,

       Defendant.
_____/

**JOINT PLANNING AND SCHEDULING REPORT
AND JOINT PROPOSED SCHEDULING ORDER**

Pursuant to the Court's March 25, 2011 Order Setting Initial Planning and Scheduling Conference [D.E. 32] and April 19, 2011 Order on Motions for Extension [D.E. 38], Plaintiff Michael Keeler and Defendant Eisai Inc. ("Eisai") jointly submit this Joint Planning and Scheduling Report and Joint Proposed Scheduling Order and state:

**1.** **A plain statement of the nature of the claim and any counterclaims, cross-claims, or third-party claim, including the amount of damages claimed and any other relief sought.** Plaintiff alleges that Eisai caused false claims to be submitted to and paid by the government for Ontak® under federally funded government healthcare programs, that Eisai improperly discharged Plaintiff in violation of 31 U.S.C. § 3730(h) of the False Claims Act, that Eisai violated federal price controls by encouraging physicians to experiment with Ontak® for off-label uses and established a system of kickbacks to physicians who prescribe large amounts of Ontak®, and that Eisai violated the *qui tam* statutes of various States.

Plaintiff seeks damages on behalf of the United States and certain States, civil penalties, prejudgment interest, costs incurred in bringing this action, reasonable attorney's fees, damages

allowed pursuant to §3730(d) of the False Claims Act and/or any other applicable provision of law, any and all relief under 31 U.S.C. § 3730(h) of the False Claims Act and such further relief as this Court deems equitable and just.

As more fully set forth in Eisai's Motion to Enforce Settlement and Motion to Dismiss, and Memorandum of Law in Support [D.E. 46], Eisai asserts Plaintiff's Complaint should be dismissed because all of his claims in this case are subject to a binding release entered into between Plaintiff and Eisai on December 10, 2010. Eisai states that Plaintiff has violated the Settlement Agreement and General Release ("Release") and is breaching his contractual and legal obligations. Under the terms of the Release, the parties agreed that because any violation or breach by Plaintiff would likely "result in irreparable harm to" Eisai, Eisai would be entitled to injunctive relief in connection with any breach. Accordingly, Eisai reserves its right to assert any and all claims and defenses and to seek any and all relief and remedies available to Eisai arising from Plaintiff's breach of his legal and contractual obligations, including his obligations and commitments under the Release. Eisai also reserves its right to assert any and all other defenses available to Eisai under the law. Additionally, as more fully set forth in Eisai's Motion to Enforce Settlement and Motion to Dismiss [D.E. 46], Eisai asserts that Plaintiff's Complaint contains numerous pleading deficiencies and should be dismissed with prejudice.

**2.     A brief summary of the facts which are uncontested or which can be stipulated to without discovery**. At this point, the parties are not aware of the possibility of any admissions or stipulations that will avoid the need for proof or advance rulings from the Court. As discovery progresses, however, the parties will reexamine whether the possibility for such admissions or stipulations exists.

3.     **A brief summary of the issues as presently known.**  The pleadings have not yet closed, Eisai's Motion to Enforce Settlement and Motion to Dismiss are pending and discovery has not begun; however, the following is a brief summary of issues presently known.[1]  The parties reserve the right to raise any and all claims, issues, and defenses that may become known or available to them as discovery progresses in this action.

**Defendant's Issues**:

a.     Whether the Settlement Agreement and General Release entered into between Plaintiff and Eisai Inc. on December 10, 2010 bars this action.

b.     Whether Plaintiff's Complaint should be dismissed with prejudice because it does not satisfy Rules 8, 9(b), and/or 12(b)(6) of the Federal Rules of Civil Procedure, as more fully explained in Eisai's Motion to Enforce Settlement and Motion to Dismiss [D.E. 46].

c.     Whether Plaintiff's claims are barred in whole, or in part, by any and all other defenses available to Eisai, including, but not limited to, any and all defenses available to Eisai under the False Claims Act and the state *qui tam* statutes that are the subject of Plaintiff's Complaint.

**Plaintiff's Issues:**

a.     Whether Eisai engaged in the off-label promotion of Ontak in violation of the False Claims Act and the *qui tam* statutes of various states.

b.     Whether Eisai directed its sales people to offer discounts on the price of Ontak to Disproportionate Share Hospitals in order to overcome Ontak's medical risks and limited indication, in violation of the False Claims Act and the *qui tam* statutes of various states.

---

[1] It appears from the docket that Plaintiff submitted an amended complaint on July 8, 2010.  When the Court ordered the case unsealed, however, Plaintiff served only the original complaint on Eisai and not the amended complaint.

      c.      Whether Eisai's Oncology Reimbursement Assistance Program ("OAR") provided credits to physicians who purchased Ontak, when purchasers did not receive reimbursement for off-label use, in violation of the False Claims Act and the *qui tam* statutes of various states.

      d.      Whether Eisai used grant money to buy access to teaching hospitals in order to make presentations promoting the off-label prescription of Ontak, in violation of the False Claims Act and the *qui tam* statutes of various states.

      e.      Whether Eisai paid monies to doctors to speak on off-label uses for Ontak at conferences attended by other physicians, in violation of the False Claims Act and the *qui tam* statutes of various states.

      f.      Whether Eisai bundled cancer drugs Aloxi and Fragmin together and offered these drugs to hospitals below the combined Medicaid Best Price for the two drugs, in violation of the False Claims Act and the *qui tam* statutes of various states.

      g.      Whether Eisai caused various states to submit false claims to the United States Government in Form CMS-64 (Quarterly Medicaid Statement of Expenditures for the Medical Assistance Program), falsely certifying that all drugs for which federal reimbursement was sought, including Ontak, were paid for in compliance with federal law, in violation of the False Claims Act and the *qui tam* statutes of various states.

      h.      Whether Eisai discharged Plaintiff Keeler in connection with his protesting of Eisai's off-label marketing and selling of Ontak, in violation of the False Claims Act and the *qui tam* statutes of various states.

      i.      Whether Eisai has offered physicians cash incentives, assistance drafting

publications, and other benefits in order to induce physicians to prescribe Ontak for experimental off-label use, in violation of the False Claims Act and the *qui tam* statutes of various states.

    j.  Whether Eisai paid kickbacks to physicians who prescribed large amounts of Ontak, in violation of the False Claims Act and the *qui tam* statutes of various states.

  **4.** **Whether discovery should be conducted in phases or limited to particular issues.**  The parties suggest that discovery should be conducted as set forth in the proposed discovery schedule below, and that discovery not be conducted in phases.

As more fully explained in Eisai's Motion to Enforce Settlement and Motion to Dismiss [D.E. 46], Eisai believes the pleading deficiencies in Plaintiff's Complaint make it difficult for Eisai to sufficiently frame the issues for discovery at this time.  As discovery progresses, however, the parties will work together in good faith to formulate and/or simplify the issues.

  **5.** **A detailed schedule of discovery for each party.**  The parties respectfully request the Court assign this case under Local Rule 16.1 to a Complex Track for discovery purposes and a Standard Track for trial purposes.

| DATE | DEADLINE |
|---|---|
| **December 20, 2011** | Last day for Plaintiff to identify expert witnesses, serve Rule 26(a)(2) reports and provide reasonable schedule of deposition dates. |
| **January 5, 2011 - February 5, 2012** | Defendant may depose Plaintiff's experts. |
| **February 5, 2012** | Last day for Defendant to identify expert witnesses, serve Rule 26(a)(2) reports and provide reasonable schedule of deposition dates. |
| **February 20, 2012 - March 20, 2012** | Plaintiff may depose Defendant's experts. |

| | |
|---|---|
| **February 1, 2012** | Last day to file motions to join parties and amend pleadings. |
| **February 1, 2012** | Plaintiff shall serve an initial fact witness list. |
| **March 5, 2012** | Last day for Defendant to identify rebuttal experts and provide reasonable dates for depositions. |
| **March 1, 2012** | Defendant shall serve an initial fact witness list. |
| **April 5, 2012** | Last day for Plaintiff to depose Defendant's rebuttal experts. |
| **April 20, 2012** | Last day for Plaintiff to identify rebuttal experts and provide reasonable dates for depositions. |
| **May 20, 2012** | Last day for Defendant to depose Plaintiff's rebuttal experts. All fact and expert discovery shall be completed. |
| **June 1, 2012** | Last day to file all *Daubert* motions. |
| **June 15, 2012** | Last day to file all dispositive motions. |
| **July 1, 2012** | File Pre-Trial Disclosures, all other motions, including motions in limine. Last day to conduct mediation. |
| **July 15, 2012** | Last day to file trial briefs; parties meet to discuss the items listed in Local Rule 16.1.D and to prepare the Pre-trial Stipulation. |
| **August 1, 2012** | File Pre-Trial Stipulation. Hearing(s) on motions in limine. |
| **August 15, 2012** | Pre-Trial Conference on or after this date. |
| **September 1, 2012** | Trial commences on or after this date. |

6. **Proposed deadlines for joinder of other parties and to amend the pleadings, to file and hear motions and to complete discovery.** Please see the above schedule.

7.     **Proposed approximate dates for final pre-trial conferences and trial.**  The parties request that the final pre-trial conference be held on or after **August 15, 2012** and trial should be set on trial calendar commencing on or after **September 1, 2012**.

8.     **The projected time necessary for trial and a statement of whether the case is a jury or non-jury trial.**  The parties estimate that the trial of this case will require approximately 6-9 days and state that this case involves a jury trial.

9.     **A list of all pending motions, whether each motion is "ripe" for review, the date each motion became ripe, and a summary of the parties' respective positions with respect to each ripe motion.**

a.     Eisai's Motion to Enforce Settlement and Motion to Dismiss, and Memorandum of Law in Support dated May 2, 2011 [D.E. 46].  This motion is not ripe for review because Plaintiff's response to the motion is not yet due.

b.     Eisai's Request for Oral Argument on its Motion to Enforce Settlement and Motion to Dismiss, and Memorandum of Law in Support dated May 2, 2011 [D.E. 47].

c.     Eisai's four unopposed motions for pro hac vice appearance for attorneys J. Sedwick Sollers III, Mark A. Jensen, Ashley C. Parrish and Jamie A. Lang of King & Spalding LLP dated May 3, 2011.  These motions are ripe for review because they are unopposed.

d.     Eisai's Motion to Re-Schedule Initial Planning Conference in light of pre-planned out-of-country absence of counsel for Eisai, Patricia E. Lowry, simultaneously being filed with this Report.

10.    **Any unique legal or factual aspects of the case requiring special consideration by the Court.**  Eisai believes the pleading deficiencies in Plaintiff's Complaint

make it impossible to determine at this juncture whether there may be any unique legal or factual aspects of this case requiring special consideration.

In light of the substantial resources that necessarily will be expended by the parties to prosecute and defend this action, as well as by the Court to oversee this case, Eisai respectfully requests that the Court consider a ruling on its Motion to Enforce Settlement and Motion to Dismiss at the Court's earliest convenience because a ruling on the motions may entirely dispose of this action.

**11.     Any potential need for references to a special master or magistrate**.  At this time, the parties do not believe there is a potential need for references to a special master or magistrate.

**12.     The status and likelihood of settlement.**  The parties believe that settlement of this matter is unlikely.  Eisai asserts that Plaintiff and Eisai already entered into a Settlement Agreement and General Release on December 10, 2010 that bars Plaintiff's claims in this action.

**13.     Other matters as are required by Local Rule 16.1(B) and as may aid the Court in setting the case for status or pretrial conference and in the fair and expeditious administration and disposition of this action.**  Eisai intends to circulate a proposed protective order regarding the confidential treatment of documents produced in this case.  The parties are not aware of any additional information at this time that might be helpful to the Court in setting the case for status or pretrial conference.  The parties will work together to reach agreements on electronic discovery issues.

**14.     Initial Disclosures:**  The parties certify that they have exchanged initial disclosures as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.  Defendant's position is that the pleading deficiencies in Plaintiff's Complaint make it impossible to provide

detailed information at this juncture and that Defendant should not be required to guess at what materials or information might be relevant to the counts in Plaintiff's Complaint, or to provide information that may or may not have any relevance to this case. Instead, Plaintiff should be required to satisfy his basic pleading obligations. In addition, Defendant asserts that its initial disclosures are complete but that it will confer in good faith with Plaintiff regarding any supplementation of the disclosures.

Plaintiff's position is that these initial disclosures shall include:

a. The schema or file and record layouts for each database(s) which relates to Defendant's marketing and sales of Ontak from September 1, 2006 through present. This disclosure should identify, categorize and define the database(s), its operating system, the software used to manage and query data on the database(s), and the individual data fields included therein. All information for the type of information involved in this litigation from the corporate level, including all software databases including file or notes, memorandum, intra-office or department communications and other communications.

b. Name, job title and duties of the individuals most knowledgeable about Defendant's databases and software applications and what data is contained in them.

c. Name, job title and duties of the individuals most knowledgeable about the Defendants' practices and capabilities of preparing reports from the databases or other software applications and reports which reflect the volume of sales of Ontak, Aloxi, and Fragmin from September 1, 2006 through present.

d. Name, job title and duties of the individuals most knowledgeable about the Defendant's practices and capabilities of preparing reports relating to the following: i) marketing of Ontak, Aloxi, and Fragmin; ii) expenses related to the marketing of Ontak; iii) expenses

related to the off-label marketing of Ontak; iv) bonuses paid to all personnel related to the marketing or sales of Ontak; v) discounts provided to hospitals which sold Ontak; vi) identifies the physicians participating in the Oncology Reimbursement Assistance Program ("OAR") and payments made as part of OAR; vii) payments made to hospitals or others in connection with marketing or research presentations related to Ontak; viii) payments made to physicians and researchers, including members of the Eisai Speakers Bureau, to give presentations related to Ontak; and ix) discounts given for the purchase of Ontak.

Respectfully submitted,

Dated: May **6**, 2011.

| | |
|---|---|
| */s/ Seth Lehrman* | */s/ Amy Bloom* |
| Gary Michael Farmer, Jr. | Patricia E. Lowry |
| Florida Bar No. 914444 | Florida Bar No. 332569 |
| Steven R. Jaffe | E-mail: plowry@ssd.com |
| Florida Bar No. 390770 | Amy Bloom |
| Seth Lehrman | Florida Bar No. 0506893 |
| Florida Bar No. 132896 | Email: amy.bloom@ssd.com |
| **FARMER, JAFFE, WEISSING EDWARDS, FISTOS & LEHRMAN, PL** | **SQUIRE, SANDERS & DEMPSEY (US) LLP** |
| 425 N Andrews Avenue, Suite 2 | 1900 Phillips Point West |
| Fort Lauderdale, FL 33301 | 777 South Flagler Drive |
| Ph: (954) 524-2820 | West Palm Beach, FL 33401-6198 |
| Fax: (954) 524-2822 | Telephone: (561) 650-7200 |
| Email: gary@pathtojustice.com | Facsimile: (561) 655-1509 |
| | |
| *Attorneys for Michael Keeler, Relator* | *Attorneys for Defendant Eisai Inc.* |

| | |
|---|---|
| James P. Gitkin<br>Florida Bar No. 570001<br>**SALPETER GITKIN, LLP**<br>Museum Plaza — Suite 503<br>200 South Andrews Avenue<br>Fort Lauderdale, Florida 33301<br>Ph: (954) 467-8622<br>Fax: (954) 467-8623<br>Email: jim@salpetergitkin.com<br><br>*Co-Counsel for Michael Keeler, Relator* | J. Sedwick Sollers III<br>   (*Pro Hac Vice* pending)<br>Mark A. Jensen<br>   (*Pro Hac Vice* pending)<br>Ashley C. Parrish<br>   (*Pro Hac Vice* pending)<br>Jamie A. Lang<br>   (*Pro Hac Vice* pending)<br>**KING & SPALDING LLP**<br>1700 Pennsylvania Ave., N.W.<br>Washington, D.C. 20006<br>Telephone: (202) 737-0500<br>Facsimile: (202) 626-3737<br>Email: wsollers@kslaw.com<br>Email: mjensen@kslaw.com<br>Email: jlang@kslaw.com<br>Email: aparrish@kslaw.com<br><br>***Attorneys for Defendant Eisai Inc.*** |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on May **6**, 2011, on all counsel of record on the Service List below in the manner specified.

   */s/ Amy Bloom*
   Amy Bloom

# SERVICE LIST

## VIA CM/ECF

Mark Alan Levine
**U.S. ATTORNEY'S OFFICE**
**SOUTHERN DISTRICT OF**
**FLORIDA**
99 N.E. 4th Street Suite 300
Miami, FL 33132
Ph: (305) 961-9303
Fax: (305) 530-7139
Email: mark.lavine@usdoj.gov

*Attorneys for United States of America*

Theodore L. Radway
**U.S. ATTORNEY'S OFFICE**
**SOUTHERN DISTRICT OF**
**FLORIDA**
99 N.E. 4th Street Suite 300
Miami, FL 33132
Ph: (305) 961-9337
Fax: (305) 530-7139
Email: ted.radway@usdoj.gov

*Attorneys for United States of America*

## VIA FIRST CLASS U.S. MAIL

Joyce R. Branda
Patricia R. Davis
Arthur S. Di Dio
**UNITED STATES DEPARTMENT OF JUSTICE**
**COMMERCIAL LITIGATION BRANCH**
601 D Street NW
Washington, DC 20004
Ph: (202) 305-2335
Email: civil.fraud@usdoj.gov

*Attorneys for United States of America*

Candice D. Hooper
**ASSISTANT ATTORNEY GENERAL**
**CIVIL INVESTIGATIONS UNIT**
**MEDICAID FRAUD CONTROL UNIT**
**OFFICE OF THE ATTORNEY GENERAL**
900 East Main Street
Richmond, Virginia
Ph: (804) 371-6017
Fax: (804) 786-0807
Email: chooper@oag.state.va.us

*Attorneys for the Commonwealth of Virginia*

WESTPALMBEACH/582548.1