UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:09-cv-22302-UU

United States of America
ex rel. Michael Keeler,

    Plaintiffs,

vs.

Eisai, Inc.

    Defendant.

---

**RELATOR'S NOTICE OF DEPOSITION OF
DEFENDANT EISAI, INC. UNDER RULE 30(B)(6)
(Monday, August 29, 2011)**

PLEASE TAKE NOTICE that the undersigned attorneys will take the Rule 30(b)(6) deposition of:

**NAME:**     **EISAI, INC.**

**Through *one or more* officers, directors, managing agents, or other persons, who consent to testify *fully* and *accurately* on its behalf about *all* matters known or reasonably available to the corporation and/or organization, relating to the following subjects and/or areas of inquiry, pursuant to Federal Rule of Civil Procedure 30(b)(6):**

1. **How exactly you (Eisai, Inc. and the testifying representative(s)), your agents, and assistants (excluding defense counsel of record in these proceedings), engaged in and carried out preparations for this Rule 30(b)(6) deposition, including what areas of inquiry you can fully and/or partially address, what documents you reviewed, and full identification (by full name [first, middle and last], current home and work addresses and phone numbers, last-known home addresses and phone numbers, and whether or not presently employed by you) of all past and present Eisai, Inc. employees and/or personnel, and other persons, with whom you communicated, orally and/or in writing, in preparation for this deposition;**

  2.  Full identification (by full name [first, middle and last], current home and work addresses and phone numbers, last-known home addresses and phone numbers, and whether or not presently employed by you) of <u>all persons who have or may have any knowledge of any or all of the areas of inquiry</u> listed in this deposition notice; and

  3.  All facts, information, and circumstances known and/or reasonably ascertainable by you relating to the allegations (which are incorporated herein by reference) in the Third Amended Complaint concerning the <u>off-label marketing of Ontak</u> (Paragraphs 39-44, 47, 62-146, 152-164, 218-223, and 238-266 thereof)–including all facts, details, information, and circumstances which relate to, pertain to, support, undermine, and/or contradict those allegations.

**DATE AND TIME:**  Monday, August 29, 2011, beginning at 9:00 am

**PLACE:**  King & Spalding
1700 Pennsylvania Ave., NW
Washington, DC 20006

upon examination before Federal Court Reporters, or any other court reporter, notary public or officer authorized by law to take depositions.  The oral examination will continue from day to day until completed.  The deposition is being taken for all purposes, including discovery, for use at trial, or for all such other purposes as are permitted under applicable rules of court and Federal Rules of Civil Procedure.

**DEFINITIONS**

1. The term **"documents"** is intended to be comprehensive and to include, without limitation, all original writings of any nature whatsoever, copies and drafts which, by reason of notes, changes, initials, or identification marks, are not identical to the original and all non-identical copies thereof.  In all cases where original and/or non-identical copies are not available, "document" also means identical copies of original documents and copies of non-identical

copies.  The term "documents" includes, but is not limited to, papers, writings, brochures, pamphlets, printed literature, reference materials, including, but not limited to, guidelines, manuals, handbooks, statistical reference materials, underwriting guidelines and/or materials, correspondence, memoranda, contracts, leases, agreements, invoices, vouchers, checks, payment histories, work records, videotapes, cassette tapes, photographs, e-mails, attachments to e-mails, electronically stored and/or created records, credit memoranda, data sheets, purchase orders, sales orders, tabulations, reports, bills of lading, evaluations, summaries, opinions, journals, diaries, books, statistical records, purchase reports, sales reports, financial reports, checks, notes, transcriptions, ledgers, telegrams, teletypes, telex messages, recordings of telephone calls and other communications, minutes and notes of transcriptions of all meetings and other communications of any type, microfilms, tapes or other recordings, telephone and/or other logs and any other information which is stored or carried electronically, by means of computer equipment or otherwise, and which can be retrieved in printed or graphic form.

     2.  The terms **"relates to," "relating to,"** and/or **"related to"** means referring to, evidencing, pertaining to, consisting of, reflecting, concerning or in any way logically or factually connected with the matter discussed.  When a request is made for documents relating to an allegation, all documents relating to any and all of the facts contained in the allegation are included and encompassed in the request.

     3.  Unless otherwise stated above, the term **"you"** means **Eisai, Inc.**, and/or any officer, executive, manager, director, employee, worker, agent, assign, parent, subsidiary, affiliate, and/or successor of **Eisai, Inc**.

     4.  The singular shall include the plural and vice versa.  The terms **"and/or," "and,"** and **"or"** shall be both conjunctive and disjunctive.

5. The term "**including**" means "including without limitation."

6. The term **"Eisai, Inc."** means that corporation, and/or any officer, director, executive, manager, employee, worker, agent, assign, parent, subsidiary, affiliate, and/or successor of **Eisai, Inc.**

7. **"Relator"** means any and all persons bringing this lawsuit on behalf of the U.S.A, including Michael Keeler.

8. **"Date"** means the precise date, month and year, if ascertainable or, if not, the best approximation of the date, based on its relationship with other events.  If a date is approximated, it shall be so stated.

9. The term "**communications**" means all inquiries, discussions, conversations, e-mails, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, and/or all other forms of written exchange.

10. The term "**person**" means any individual, corporation, proprietorship, partnership, trust, association, and/or any other entity.

11. The term "**third party(ies)**" means any person(s) that is/are not a party to this action/lawsuit.

12. The term "**custodian**" means the person(s) (as defined herein) that has charge of any document (as defined herein).

13. The terms "**identify**" and "**identification**" mean (a) the name and address of the custodian of the document, (b) the location of the document, (c) a general description of the document, including its type (e.g., correspondence, memorandum, etc.), (d) the general subject matter of the document, (e) the date of the document, (f) the author of the document, (g) the addressee of the document, and (h) the relationship of the author and addressee to each other.

Respectfully submitted:

s/ Steven F. Grover

STEVEN F. GROVER (Fla. Bar No. 131296)
STEVEN F. GROVER, P.A.
ONE E. BROWARD BLVD., SUITE 700
FT. LAUDERDALE, FL 33301
TEL. (954) 356-0005/FAX (954) 356-0010
*RELATOR'S COUNSEL*

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon counsel for all parties by **CM/ECF** on this **13th day of August, 2011**.

s/ Steven F. Grover

STEVEN F. GROVER

Keeler.DepoNotice.30b6.Ontak.081311