UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-22302-CV-WILLIAMS/Turnoff

UNITED STATES OF AMERICA, *et al.*,
*ex rel.* KEELER,

    Plaintiffs,

v.

EISAI, INC.,

    Defendant.
_____/

## **ORDER**

**THIS CAUSE** is before the Court upon Defendant Eisai Inc.'s Motion to Compel Relator Michael Keeler to Amend his Responses to Eisai's First Request for Production and Provide a Privilege Log. (**ECF No. 186**). The Court has considered the Motion, the response (ECF No. 193), the reply (ECF No. 196), the applicable law, the record, and is otherwise duly advised in the premises.

Eisai propounded about 93 discovery requests on the Relator. In response, the Relator asserted objections to all requests asserting several privileges and doctrines, and provided some documents as well as a privilege log containing nine general categories of privileged documents. The Relator reiterated five general bases for withholding documents: the common interest privilege/doctrine, the joint prosecutorial privilege/doctrine, the work product doctrine, the attorney-client privilege, and the confidentiality of same that is accorded by the False Claims Act. For five of the requests, the Relator represented that he had no responsive documents, but for the remaining

eighty-eight requests, he failed to indicate whether any responsive documents existed.

The Relator argued that it asserted privilege objections to all of the requests because Eisai's definitions of certain terms were so expansive that they could be construed as requesting not only the Relator's documents but also documents created by his counsel, or shared with counsel for the purposes of this litigation, or for his prior wrongful termination action under the Florida Private Whistleblower Act.

Eisai filed the instant motion seeking amended written discovery responses, production of all responsive, non-privileged documents in the Relator's possession, identification of those requests for which the Relator has no responsive documents in his possession, and a traditional, document-by-document privilege log in compliance with Souther District of Florida Local Rule 26.1(g)(3) and the Federal Rules of Civil Procedure.

The Relator submitted a categorical privilege log as follows:

A. Keeler's Disclosure Statement and all documents attached, enclosed, and/or provided therewith are privileged and confidential on the basis of the common interest privilege/doctrine, the joint prosecutorial privilege/doctrine, the work product doctrine, the attorney-client privilege, and the confidentiality of same that is accorded by the False Claims Act.

B. All communications between Keeler, his attorneys, and agents, and the U.S. Department of Justice, U.S. Attorneys' Offices, federal and state agencies, and/or their attorneys, employees, and agents, on the basis of the common interest privilege/doctrine, the joint prosecutorial privilege/doctrine, the work product doctrine, the attorney-client privilege, and the confidentiality of same that is accorded by the False Claims Act.

C. All correspondence between Keeler and his attorneys and their agents.

D. All notes, memoranda, correspondence, and other documents created by Keeler, his attorneys, and their agents, relating to the allegations of this qui tam suit.

E. All notes, memoranda, correspondence, and other documents created by the U.S.

Department of Justice, U.S. Attorneys' Offices, federal and state agencies, and their attorneys, employees, and agents, relating to the allegations of this qui tam suit.

F. All notes, memoranda, and other documents created by the U.S. Department of Justice, U.S. Attorneys' Offices, federal and state agencies, and their attorneys, employees, and agents, relating to its investigations, no matter how slight or how great, of Eisai and/or any of its related companies.

G. All correspondence, notes, memoranda, and other documents created by Keeler, the U.S. Department of Justice, U.S. Attorneys' Offices, federal and state agencies, and their attorneys, employees, and agents, relating to the allegations of any other qui tam suit concerning Eisai Inc. or its parent company.

H. All legal research conducted by Keeler, his attorneys, and their agents.

I. All legal research conducted by the U.S. Department of Justice, U.S. Attorneys' Offices, and their attorneys, employees, and agents, relating to the allegations of this qui tam suit and/or Eisai.

J. This privilege log is incorporated by reference into each and every Response below.

The Relator argued that the items categorically disclosed in his privilege log fell under the exemption in Local Rule 26.1(g)(3)(C) covering written and oral communications between a party and its counsel after commencement of the action and work product material created after commencement of the action, and that it would be burdensome to require it to provide a document-by-document privilege log of same. S.D. Fla. L. R. 26.1(g)(3)(C).

Eisai noted that it was not seeking a document-by-document privilege log for attorney-client communications or attorney work product created after commencement of this action. Eisai argued that the Relator failed to identify the relevant dates, native formats, subject matter, authors, or recipients for any of the documents withheld on the basis of privilege. Without this information, Eisai argued that it could not tell, for example, whether the Relator was refusing to produce documents otherwise responsive to discovery requests, simply because those documents were

subsequently provided to his own counsel and/or were ultimately shared with the government. Eisai argued that such documents did not take on privileged status by virtue of having been provided to the Relator's counsel or the government.

## Analysis

There is no question that documents created after commencement of this action pertaining to communications between the Relator and his counsel and work product material are protected from disclosure. Local Rule 26.1 (g)(3)(C), provides in pertinent part:

> This rule requires preparation of a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product protection except the following: written and oral communications between a party and its counsel after commencement of the action and work product material created after commencement of the action.

Local Rule 26.1(G)(3)(c).

As to other documents, generalized objections asserting attorney-client privilege or the work product doctrine are not in compliance with the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Florida. Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure requires that a privilege log describe the nature of the documents in a sufficient manner so that other parties may assess the claim:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (I) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A).

Moreover, Local Rule 26.1(g)(3)(B) requires that objections based on privilege identify the specific nature of the privilege being asserted, as well as identifying details, such as the nature and subject matter of the communication at issue, the sender and receiver of the communication and their relationship to each other.

Here, no individual documents are listed in the privilege log, and none of the categories is correlated to a particular document request. The Court notes that individually logging years of privileged attorney communications would be burdensome and of little benefit. Therefore, the Court will permit the Relator to categorically group post-litigation attorney communications for which a privilege is asserted. See, e.g., Republic Services Inc. v. American Intern. Specialty Lines Ins. Co., Case No. 07-21991-CIV, 2008 WL 4691836, at * 3 (S.D. Fla. Oct. 21, 2008) (permitting production of a categorical privilege log as to certain categories of privileged communications); MCC Management of Naples, Inc. v. Arnold & Porter, LLP, Case No., 2010 WL 2431849, at *1 (M.D. Fla. Jun. 16, 2010) (finding production of a category-based log sufficient where document-by-document log would be unduly burdensome due to voluminous documents claimed to be privileged).

However, the Relator must justify its assertion of privilege with regard to each category, and the description of each category must provide sufficient information for Eisai to assess any potential objections to the assertions of privilege, such as (1) the general nature of the document; (2) the approximate time period of the privileged communications; and (3) the identity and position of all authors and recipients. Further, the Relator must indicate whether any responsive documents exist.

Finally, the Relator also addressed production of the disclosure statement. Eisai represented that it was not requesting for the Court to determine whether or not the disclosure statement, any documents provided in support thereof, or any documents whatsoever were protected from disclosure

on the basis of one or more claims of privilege. Therefore, the undersigned will not address the issue at this time.

## Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Eisai Inc.'s Motion to Compel Relator Michael Keeler to Amend his Responses to Eisai's First Request for Production and Provide a Privilege Log. (**ECF No. 186**) is **Granted-in-part and Denied-in-part** as detailed herein.

**DONE AND ORDERED** in chambers, Miami, Florida, this 27 day of September 2012.

**WILLIAM C. TURNOFF**
**United States Magistrate Judge**

cc: Hon. Kathleen M. Williams
All Counsel of Record